STATE *v.* H. ROBINSON.

(*Nashville.* December 22, 1900.)

1. SUPREME COURT. *Will not reverse conviction for misdemeanor, when.*

A conviction for misdemeanor will not be reversed on the facts, where the jury, upon a fair charge, has chosen to adopt and believe the State's, rather than defendant's, theory, although both are supported by evidence.

2. SAME. *No reversal for omissions in charge, when.*

This Court will not reverse for an alleged omission in the Court's charge to the jury, where it affirmatively appears, from the bill of exceptions, that the entire charge was not preserved and brought up, and that the omitted portion bore on the point complained of. This Court presumes conclusively, in such case, that the charge given to the jury was correct and satisfactory as to matters omitted from the record.

FROM DEKALB.

Appeal in error from Criminal Court of De-Kalb County. M. D. SMALLMAN, J.

T. W. WADE for Robinson.

Attorney-general PICKLE for State.

WILKES, J. Defendant was convicted of unlawfully carrying a pistol, fined fifty dollars, and

State *v.* H. Robinson.

sentenced to six months imprisonment in the county jail, and he has appealed.

It appears that upon a public occasion the Sheriff of the county saw that the defendant had a pistol upon his person, and took it from him, and arrested him. Defendant relied upon the testimony of one witness in his defense. This witness, Charles Frazier, stated that he was a Constable in one of the country districts of DeKalb County; that he was in Smithville on the first day of the term of the Court, and saw that a breach of the peace was about to take place, and that four men were about to engage in a difficulty, and he thought he needed assistance to preserve the peace, and summoned the defendant to aid him, and if necessary to arrest the parties, and for that purpose he gave him the pistol, which the Sheriff afterwards took from him. After the parties separated he handed the pistol back to him, but he told him to keep it and carry it to the room at the hotel which both were occupying. The parties who had threatened the difficulty were still in town, though they had separated, and defendant kept the pistol, under the officer's directions; and there was considerable drinking in town that day.

The Sheriff testified that he and his deputies were in town that day, and heard of no such threatened breach of the peace, and were not called upon or notified of it, and that when he

took the pistol from defendant and arrested him, he was in a restaurant eating oysters, and not on his way to the hotel. This is the substance of all the evidence there was in the case.

The Court charged the jury very fully, and said to them that if they believed defendant was carrying the pistol in good faith, and in order to assist, under the sanction and direction of an officer, in preserving the peace when a breach of it was imminent, that would excuse him, but if he carried it for any other purpose, and merely used this as an excuse or pretense, it would not. The names of the parties who were threatening a breach of the peace were not stated, and the testimony as to the threatened breach of peace is very indefinite and meager.

The jury had the two theories before them under a fair charge, and believed the State's theory, or at least did not give full credit to the theory of the defense, and we do not feel authorized to disturb their finding. It is said that the Court did not properly charge on the feature of a reasonable doubt. What the Judge said in the last clause of his charge was this: "How the facts are is a matter for the jury to determine from the evidence, and in determining the facts as before stated you must give the defendant the benefit of a reasonable doubt as before explained to you." The bill of exceptions, in setting out the charge, begins as follows: "The

State *v.* H. Robinson.

Court charged the jury fully and satisfactorily upon the law on the subject of carrying concealed weapons, and among other things not excepted to charged as follows," etc. Then follows a portion of the charge, and the last clause in the portion copied contains the reference to reasonable doubt which we have copied heretofore. It is evident from that clause that the Court had already explained reasonable doubt, as he closed the charge "you must give the defendant the benefit of a reasonable doubt as before explained to you."

We must assume, therefore, that the charge upon that, as well as all other features involved in the offense, was correct and satisfactory, and counsel did not think it necessary to set it out except some specific portions, as to which no complaint is made.

We think there is no error in the record, and the judgment of the Court below is affirmed, except that the sentence of six months confinement is remitted as being excessive under the facts.